IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAUL ORTIZ | ) | CASE NO. |
| 123 GARVIN AVE. | ) | |
| ELYRIA, OH 44035 | ) | JUDGE: |
| | ) | |
| DEBRA FUSIK | ) | |
| 108 RUSH ST. | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| Plaintiffs, | ) | COMPLAINT |
| | ) | (Jury Demand Endorsed Hereon) |
| -vs- | ) | |
| | ) | |
| PATROLMAN PAIGE MITCHELL | ) | |
| In her official and individual capacities | ) | |
| 18 WEST AVE. | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| PATROLMAN COLTY HERSH | ) | |
| In his official and individual capacities | ) | |
| 18 WEST AVE. | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| PATROLMAN CHRIS LEWIS | ) | |
| In his official and individual capacities | ) | |
| 18 WEST AVE. | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| ELYRIA POLICE DEPARTMENT | ) | |
| 18 WEST AVE. | ) | |
| ELYRIA, OH 44035 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Raul Ortiz and Debra Fusik, by and through counsel, and for their Complaint against the above captioned Defendants states and avers as follows:

## JURISDICTION AND VENUE

1. Plaintiffs brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 to redress the deprivation, by the Defendants under color of state law, of the rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs cause of action arising out of the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs causes of action arising under the Ohio state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court for the Northern District of Ohio pursuant to § 1391 and § 1392, because of the events or omissions giving rise to Plaintiff's claims occurred in Lorain County, Ohio, and all of the parties reside in this federal district.

## PARTIES

4. Plaintiff, Raul Ortiz, at all times described in the Complaint, was a citizen of the United States and a resident of Lorain County, Ohio.

5. Plaintiff, Debra Fusik, at all times described in the Complaint was a citizen of the United States and resident of Lorain County, Ohio.

6. At all times, and in his actions described herein Defendant, Paige Mitchell, (hereinafter "Defendant Mitchell") was a Patrol Officer employed by the Elyria Police Department and

the Elyria city Jail, Elyria being a municipality organized and existing pursuant to the laws of the State of Ohio.

7. At all times herein, and in all her actions described herein, Defendant Mitchell was acting under the color of law, including the customs, usages, policies, and practices established by the Elyria Police Department, and in her capacity pursuant to his authority as a Patrol Officer for the Elyria Police Department.

8. Defendant Mitchell is also sued individually.

9. At all times, and in his actions described herein Defendant, Colty Hersh, (hereinafter "Defendant Hersh") was a Patrol Officer employed by the Elyria Police Department and the Elyria city Jail, Elyria being a municipality organized and existing pursuant to the laws of the State of Ohio.

10. At all times herein, and in all his actions described herein, Defendant Hersh was acting under the color of law, including the customs, usages, policies, and practices established by the Elyria Police Department, and in his capacity pursuant to his authority as a Patrol Officer for the Elyria Police Department.

11. Defendant Hersh is also sued individually.

12. At all times, and in his actions described herein Defendant, Chris Lewis, (hereinafter "Defendant Lewis") was a Patrol Officer employed by the Elyria Police Department, Elyria being a municipality organized and existing pursuant to the laws of the State of Ohio.

13. At all times herein, and in all his actions described herein, Defendant Lewis was acting under the color of law, including the customs, usages, policies, and practices established by

the Elyria Police Department, and in his capacity pursuant to his authority as a Patrol Officer for the Elyria Police Department.

14. Defendant Lewis is also sued individually.

15. Defendant Elyria Police Department ("EPD") establishes the practices, customs, usages, policies, practices to be used by its officers, detectives, and other personnel.

16. Each and every act and omission of each Defendant alleged herein occurred in the County of Lorain and State of Ohio within the jurisdiction of the this Court.

## FACTS COMMON TO ALL COUNTS

17. On or about May 11, 2023, Plaintiff Raul Ortiz was wrongfully arrested by Defendants Mitchell, Lewis, and Hersh for multiple offenses, including, but not limited to Aggravated Robbery, Assault on a Peace Officer, Resisting Arrest, and Obstruction of Justice.

18. Also on or about May 11, 2023, Plaintiff Debra Fusik was wrongfully arrested for Obstruction of Justice.

19. According to the police reports as generated by Defendants, the named Defendants met with Brittany Warner at an address in Elyria, Ohio. Ms. Warner indicated that she wished to retrieve personal property from 123 Garvin Avenue, Elyria, OH 44035.

20. Ms. Warner admitted that this was the residence of her former acquaintance Raul Ortiz. She further admitted that she did not reside at the address on May 11, 2023.

21. Defendants Mitchell, Hersh and Lewis then took it upon themselves to aid Ms. Warner in the illegal retrieval and trespass upon Plaintiff Ortiz's home. At no time, was any proof provided to these officers indicating a legal right for Ms. Warner to have access to the property.

22. Defendants Mitchell, Hersh and Lewis then accompanied Ms. Warner to Plaintiff Ortiz's residence. Defendants Mitchell, Hersh and Lewis without any legal authority demanded entry into the residence, which Plaintiff Ortiz denied.

23. Defendant Mitchell then advised Ms. Warner to kick the door open making forcibly entry, inconceivably believing that Ms. Warner had full rights and access to the residence. Ms. Warner agreed with this suggestion and forcibly kicked the door open with Defendants Hersh and Lewis following closely behind in an aggressive manner.

24. Plaintiff Ortiz demanded to know the reason for this unlawful entry into his residence.

25. Defendants Mitchell, Hersh and Lewis then physically confronted Plaintiff Ortiz without warning.

26. Defendant Mitchell then tasered Plaintiff Ortiz multiple times. Plaintiff Ortiz repeatedly toled Defendants Mitchell, Hersh and Lewis that he had a heart condition and the taser may cause serious physical harm.

27. Defendant Mitchell continued to deploy her taser and verbally taunted Plaintiff Ortiz.

28. Plaintiff Ortiz was subdued and placed under arrest. Due to the previously stated health concerns he was transported to the emergency room at the Elyria Memorial Hospital.

29. Plaintiff Ortiz was released from the hospital and continued to be in custody until he was able to post bond.

30. The criminal matters as to Plaintiff Fusik proceeded through litigation in the Lorain County Court of Common Pleas and were eventually dismissed.

31. Contemporaneous to these events, Plaintiff Fusik was on scene at 123 Garvin Ave., Elyria, Ohio. Plaintiff Fusik is Plaintiff Ortiz's mother.

32. During the illegal detention and arrest, Plaintiff Fusik attempted to de-escalate the situation and also demanded the legal basis for the arrest of her son.

33. Apparently, Defendants , Mitchell, Hersh, and Lewis did not appreciate these actions and subsequently charged Plaintiff Fusik with felony Obstruction of Justice the next day, May 12, 2024.

34. The criminal matters as to Plaintiff Fusik proceeded through litigation in the Lorain County Court of Common Pleas and were eventually dismissed.

35. Plaintiff Ortiz has incurred significant damages including long lasting physical and/or permanent psychological damage and economic damages as a result of his treatment following his unlawful assault and confinement.

36. Plaintiff Fusik has incurred significant damages including long lasting physical and/or permanent psychological damage and economic damages as a result of her treatment following his unlawful assault and confinement.

**FIRST CAUSE OF ACTION - 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS**

37. Plaintiffs restate and reaver the allegations contained in paragraphs 1 through 36 as if fully restated herein.

38. Defendants Mitchell, Lewis, and Hersh, intentionally and unreasonably arrested Plaintiffs for various offenses for which there was no factual basis in law and fact as to Plaintiffs Ortiz and Fusik.

39. Plaintiff Ortiz was behaving reasonably in his own home when Defendants Mitchell, Lewis, and Hersh illegally entered into his residence.

40. Defendants Mitchell, Lewis and Hersh then used excessive force as to Plaintiff Ortiz.

41. As a direct and proximate result of said wrongful, tortious, illegal and unconstitutional acts of Defendants Mitchell, Lewis, Hersh and EPD, Plaintiffs were wrongfully arrested and taken into custody and suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to lost income.

42. The actions of all Defendants were either intentional, malicious, willful, oppressive, and in deliberate disregard for the rights of the Plaintiff, so as to entitle Plaintiffs to an award of Punitive damages and attorney's fees, in addition to compensatory damages.

### SECOND CAUSE OF ACTION - 42 U.S.C. §1983 FAILURE TO TRAIN

43. Plaintiffs restate and reaver the allegations contained in paragraphs 1 through 42 as if fully restated herein.

44. Defendant EPD has a documented history of failing to train its personnel.

45. Defendants EPD has a pattern of conduct for failing to train its personnel.

46. Defendants EPD failed to provide proper training for their personnel thereby resulting in the violation of Plaintiffs constitutional rights as described herein.

47. Defendants EPD failed to promulgate policies, plans, and procedures designed to protect the civil rights of the persons who come in contact with its officers thereby resulting in violations of Plaintiff's constitutional rights as described herein.

### THIRD CAUSE OF ACTION - FALSE ARREST/IMPRISONMENT

48. Plaintiffs restate and reaver the allegations contained in paragraphs 1 through 48 as if fully restated herein.

49. Defendants Mitchell, Lewis and Hersh intended to and did seize and confine the Plaintiffs.

50. The arrests and confinement of Plaintiffs were done without probable cause and/or any legal basis and justification.

51. As a direct and proximate result of the improper arrest, Plaintiffs have suffered humiliation, embarrassment, loss of reputation, sever mental anguish, emotional distress and physical injury and was otherwise damaged.

52. As a further direct and proximate result of the false arrest and confinement, Plaintiffs have suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to lost income.

53. Defendants Mitchell, Lewis and Hersh actions were malicious, in bad faith, and wanton and/or reckless within the meaning of Ohio Revised Code Section 2744.03(A)(6)(b).

54. Defendants Mitchell, Lewis and Hersh were intentional, malicious, willful, wanton and oppressive and in deliberate disregard for the rights of the Plaintiff, so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages against each Defendant.

## FOURTH CAUSE OF ACTION - ASSAULT AND BATTERY

55. Plaintiff Ortiz restates and reavers the allegations contained in paragraphs 1 through 54 as if fully restated herein.

56. Plaintiff Ortiz was tasered multiple times by Defendant Mitchell.

57. Defendant Mitchell's conduct had a great probability of causing substantial harm to Plaintiff Ortiz.

58. As a direct and proximate result of Defendant Mitchell's negligent and/or intentional conduct set forth above, Plaintiff Ortiz was caused to incur severe physical and mental injuries, physical and mental pain and suffering and other damages.

59. Plaintiff Ortiz's injuries are ongoing and permanent in nature, as a result of Defendant Mitchell's conduct.

### FIFTH CAUSE OF ACTION - 42 U.S.C. § 1983 EXCESSIVE FORCE

60. Plaintiffs restates and reavers the allegations contained in paragraphs 1 through 59 as if fully restated herein.

61. Defendants Mitchell, Lewis and Hersh, by applying force maliciously and sadistically to cause harm, not in a good faith effort to maintain or restore order, while acting under the color of law, deprived Plaintiff Ortiz of rights, privileges, and immunities secured to him by United States Constitution, including the prohibition on cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

62. Defendants Mitchell, Lewis and Hersh intentionally inflicted upon Plaintiff Ortiz injuries that caused serious bodily harm during the course of his unlawful arrest.

63. Defendants Mitchell, Lewis and Hersh unlawful assault and excessive use of force went beyond any force necessary.

64. Plaintiff Ortiz was injured as a result of Defendant s Mitchell, Lewis and Hersh unlawful assault and excessive use of force.

65. Plaintiff Ortiz entitled to damages based on Defendant Mitchell, Lewis and Hersh's unlawful and unconstitutional actions that led to physical and psychological injuries.

**SIXTH CAUSE OF ACTION - 42 U.S.C. § 1983 FAILURE TO PREVENT EXCESSIVE FORCE**

66. Plaintiff's restate and reaver the allegations contained in paragraphs 1 through 65 as if fully restated herein.

67. Defendants Lewis and Hersh are liable for observing the obvious use of unnecessary and excessive force by Defendant Mitchell towards Plaintiff Ortiz and failing to prevent such force when he/she had an opportunity and meant to prevent the risk of harm from occurring.

68. Defendants Lewis and Hersh, by failing to protect Plaintiff while acting under the color of state law, subjected Plaintiff Ortiz to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

69. Plaintiff was damaged by Defendants Lewis and Hersh's failure to act in preventing the excessive use of force and such damages would not have happened if Defendants Lewis and Hersh intervened as his/her duty demanded to prevent the unlawful use of force.

70. Defendants Lewis and Hersh actions were malicious, willful, wanton and in a conscious disregard of Plaintiff's rights under the law rending them liable for punitive damages.

**SEVENTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

71. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 70 as if fully restated herein.

72. Defendants Mitchell, Lewis and Hersh, through their aforementioned conduct above, intended to cause severe emotional distress to Plaintiffs and know or should have known that their unprovoked assault and battery would result in emotional distress to Plaintiffs.

73. As a result of Defendants Mitchell, Lewis and Hersh's conduct, Plaintiffs suffered severe emotional distress.

### EIGHTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 73 as if fully restated herein.

75. Defendants Mitchell, Lewis and Hersh owed Plaintiffs a duty of care to act as an ordinary and reasonable and prudent person under the circumstances at issue.

76. Defendants Mitchell, Lewis and Hersh breached that duty of care owed to Plaintiffs by their actions.

77. As a result of Defendants Mitchell, Lewis and Hersh's conduct, Plaintiffs suffered and continue to suffer debilitating emotional distress and injury.

### DAMAGES

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. An award in excess of $100,000.00 in compensatory damages against each Defendant pursuant to each count;

B. An award in excess of $100,000.00 in punitive damages against each of the individual Defendants for the willful and wanton disregard of the rights of Plaintiff.

C. Costs, interest, attorney fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

*/S/ Brett F. Murner*
BRETT F. MURNER (0074363)
*Attorney for Plaintiffs*
116 W. Herrick Ave.
Wellington, OH 44090
Phone: (440) 647-9505
Fax:  (440) 647-9506
Email: brett@murnerlaw.com

# JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues raised in the herein action comprised of the maximum number of jurors permitted by law.

*/S/ Brett F. Murner*
BRETT F. MURNER
*Attorney for Plaintiffs*