UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAUL ORTIZ, *et al.*, | ) | CASE NO.: 1:24CV802 |
| | ) | |
| Plaintiffs | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANTS COLTY HERSH AND CHRIS LEWIS** |
| | ) | |
| PATROLMAN PAIGE MITCHELL, *et al.*, | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants | ) | |

Now come Defendants Colty Hersh and Chris Lewis (hereafter "Defendants Hersh and Lewis"), through counsel, and for their answer to the complaint filed against them by Plaintiffs Raul Ortiz and Debra Fusik, state the following:

**FIRST DEFENSE**

1. Defendants Hersh and Lewis deny the allegations, in paragraph 1 of the Complaint, for want of knowledge or information sufficient to form a belief as to their truth except to say that Plaintiffs' claims do include causes of action purportedly brought pursuant to 42 U.S.C. §1983. Defendants Hersh and Lewis deny the allegations in those claims.

2. In response to paragraph 2 of the Complaint, Defendants Hersh and Lewis admit that this Court has jurisdiction over this lawsuit.

3. In response to paragraph 3 of the Complaint, Defendants Hersh and Lewis admit that this case is properly venued but deny the remaining allegations, in paragraph 3 of the Complaint, for want of knowledge or information sufficient to form a belief as to their truth.

4. In response to paragraph 4 of the Complaint, Defendants Hersh and Lewis admit that, at the time of the alleged incident, Plaintiff Raul Ortiz resided in Lorain County, Ohio. The Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph

4 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

5. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 5 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

6. In response to paragraph 6 of the Complaint, Defendants Hersh and Lewis admit that Defendant Paige Mitchell was an Officer, employed by the Elyria Police Department, at the time in question. Defendants Hersh and Lewis deny the remaining allegations, in paragraph 6 of the Complaint, for want of knowledge or information sufficient to form a belief as to their truth.

7. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 7 of the Complaint, for want of knowledge or information sufficient to form a belief as to their truth.

8. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 8 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

9. In response to paragraph 9 of the Complaint, Defendants Hersh and Lewis admit that Defendant Hersh was an Officer, employed by the Elyria Police Department, at the time of the subject incident. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 9 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

10. In response to paragraph 10 of the Complaint, Defendants Hersh and Lewis admit that, at all times pertinent hereto, Defendant Hersh was acting in his capacity as an Officer for the Elyria Police Department and consistent with its policies and practices. Defendants Hersh and

Lewis deny the remaining allegations and legal conclusions, in paragraph 10 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth as to which specific customs, usages, policies and practices to which the allegations are referring.

11.     Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 11 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

12.     In response to paragraph 12 of the Complaint, Defendants Hersh and Lewis admit that Defendant Lewis was an Officer, employed by the Elyria Police Department, at the time of the subject incident.  Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 12 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

13.     In response to paragraph 13 of the Complaint, Defendants Hersh and Lewis admit that, at all times pertinent hereto, Defendant Lewis was acting in his capacity as an Officer for the Elyria Police Department and consistent with his policies and practices.  Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 13 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth as to which customs, usages, policies and practices to which the allegations are referring.

14.     Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 14 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

15. Without knowing which practices, customs, usages, policies and practices, to which the allegation is referring, Defendants Hersh and Lewis deny the allegations in this paragraph of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth. However, further answering and speaking in general terms only, Defendants Hersh and Lewis admit that the Elyria Police Department has practices, customs, usages, policies and practices with which they comply.

16. In response to paragraph 16 of the Complaint, Defendants Hersh and Lewis admit that the subject incident occurred in Lorain County, Ohio, and within the jurisdiction of this Court. However, further answering, Defendants Hersh and Lewis deny committing "each and every act and omission," alleged by the Plaintiffs in the Complaint, either because they are untrue or for want or knowledge or information sufficient to form a belief as to their truth.

17. In response to paragraph 17 of the Complaint, Defendants Hersh and Lewis admit that they participated in the arrest of Plaintiff Raul Ortiz, on May 11, 2023, for crimes he committed in their presence. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 17 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

18. In response to paragraph 18 of the Complaint, Defendants Hersh and Lewis admit that they participated in the arrest of Plaintiff Debra Fusik, on May 11, 2023, for crimes she committed in their presence. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 18 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

19. In response to paragraph 19 of the Complaint, Defendants Hersh and Lewis admit that a non-party, Brittany Warner, advised them that she wished to retrieve medications from 123

Garvin Avenue, Elyria Ohio 44035 on May 11, 2023. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 19 of the Complaint either because they are untrue or for want to knowledge or information sufficient to form a belief as to their truth.

20. In response to paragraph 20 of the Complaint, Defendants Hersh and Lewis state that Brittany Warner advised them that she previously and recently lived at 123 Garvin Avenue, Elyria, Ohio with Mr. Ortiz and left medications that there that she needed to retrieve and that she no longer resided there. Defendants Hersh and Lewis deny the remaining allegations, in paragraph 20 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

21. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 21 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

22. In response to paragraph 22 of the Complaint, Defendants Hersh and Lewis admit that they, and Officer Mitchell, went to the residence occupied by Plaintiff Ortiz, and that Officers Hersh and Mitchell asked Plaintiff Ortiz to allow Ms. Warner in so she could retrieve her medications. They deny demanding entry into the residence. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 22 of the Complaint, either because they are untrue, or for want of knowledge or information sufficient to form a belief as to their truth.

23. In response to paragraph 23 of the Complaint, Defendants Hersh and Lewis deny the allegations and legal conclusions, contained therein, either because they are untrue, or for want of knowledge or information sufficient to form a belief as to their truth.

24. In response to paragraph 24 of the Complaint, Defendants Hersh and Lewis deny the allegations and legal conclusions, contained therein, either because they are untrue, or for want of knowledge or information sufficient to form a belief as to their truth.

25. In response to paragraph 25 of the Complaint, Defendants Hersh and Lewis deny the allegations and legal conclusions, contained therein, either because they are untrue, or for want of knowledge or information sufficient to form a belief as to their truth.

26. In response to paragraph 26 of the Complaint, Defendants Hersh and Lewis state that Defendant Mithcell used a taser on Plaintiff Ortiz while Ortiz was attacking Officers Hersh and Lewis. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions, in paragraph 26 of the Complaint, other than to say that, at some point, during the altercation, Plaintiff Ortiz mentioned that he had a heart condition.

27. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 27 of the Complaint.

28. Defendants Hersh and Lewis admit the allegations in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Defendants Hersh and Lewis admit that Plaintiff Ortiz was released from the hospital and transported to the county jail after the incident. Defendants Hersh and Lewis deny the remaining allegations in paragraph 29 of the Complaint either because they are untrue or want of knowledge or information sufficient to form a belief as to their truth.

30. In response to paragraph 30 of the Complaint, Defendants Hersh and Lewis admit that the claims against Plaintiff Fusik proceeded to litigation in Lorain County Common Pleas

Court and, eventually, the prosecutor's dismissed those claims – after the Plaintiffs admitted, in writing, that there was probable cause to arrest them.

31. In response to paragraph 31 of the Complaint, Defendants Hersh and Lewis admit that Plaintiff Fusik was in her car in front of the house at 123 Garvin Avenue in Elyria, Ohio, when they arrived on the scene. Further answering, Defendants Hersh and Lewis admit that, at some point, they were told that Plaintiff Fusik was the mother of Plaintiff Ortiz.

32. Defendants Hersh and Lewis deny the allegations and legal conclusions, in paragraph 32 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

33. In response to paragraph 33 of the Complaint, Defendants Hersh and Lewis deny the allegations and legal conclusions, contained therein, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth except to say that the charges brought against Plaintiff Fusik speak for themselves. Further answering, Defendants Hersh and Lewis state that the incident occurred on May 11, 2023 – not on May 11, 2024 as is suggested in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Defendants Hersh and Lewis admit that the claims against Plaintiff Fusik proceeded to litigation in Lorain County Common Pleas Court and eventually the prosecutor's dismissed those claims – after the Plaintiffs admitted, in writing, that there was probable cause to arrest them.

35. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 35 of the Complaint.

36. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 36 of the Complaint.

**ANSWER TO FIRST CLAIM FOR RELIEF**

37. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

38. Defendants Hersh and Lewis admit that, on May 11, 2023, they arrested the Plaintiffs for various offenses. Defendants Hersh and Lewis deny the remaining allegations and legal conclusions in paragraph 38 of the Complaint.

39. Defendants Hersh and Lewis deny the allegations in paragraph 39 of the Complaint.

40. Defendants Hersh and Lewis deny the allegations in paragraph 40 of the Complaint.

41. Defendants Hersh and Lewis deny the allegations in paragraph 41 of the Complaint.

42. Defendants Hersh and Lewis deny the allegations in paragraph 42 of the Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**

43. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

44. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 44 of the Complaint.

45. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 45 of the Complaint.

46. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 46 of the Complaint.

47. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 47 of the Complaint.

**ANSWER TO THIRD CLAIM FOR RELIEF**

48. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

49. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 49 of the Complaint.

50. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 50 of the Complaint.

51. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 51 of the Complaint.

52. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 52 of the Complaint.

53. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 53 of the Complaint.

54. Defendants Hersh and Lewis deny the allegations and legal conclusions in paragraph 54 of the Complaint.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

55. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

56. In response to paragraph 56 of the Complaint, Defendants Hersh and Lewis admit that Defendant Mitchell used a taser on Plaintiff Ortiz. Defendants Hersh and Lewis deny the remaining allegation, in paragraph 56 of the Complaint, either because they are untrue or for want of knowledge or information sufficient to form a belief as to their truth.

57. Defendants Hersh and Lewis deny the allegations in paragraph 57 of the Complaint.

58. Defendants Hersh and Lewis deny the allegations in paragraph 58 of the Complaint.

59. Defendants Hersh and Lewis deny the allegations in paragraph 59 of the Complaint.

## ANSWER TO FIFTH CLAIM FOR RELIEF

60. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

61. Defendants Hersh and Lewis deny the allegations in paragraph 61 of the Complaint.

62. Defendants Hersh and Lewis deny the allegations in paragraph 62 of the Complaint.

63. Defendants Hersh and Lewis deny the allegations in paragraph 63 of the Complaint.

64. Defendants Hersh and Lewis deny the allegations in paragraph 64 of the Complaint.

65. Defendants Hersh and Lewis deny the allegations in paragraph 65 of the Complaint.

## ANSWER TO SIXTH CLAIM FOR RELIEF

66. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

67. Defendants Hersh and Lewis deny the allegations in paragraph 67 of the Complaint.

68. Defendants Hersh and Lewis deny the allegations in paragraph 68 of the Complaint.

69. Defendants Hersh and Lewis deny the allegations in paragraph 69 of the Complaint.

70. Defendants Hersh and Lewis deny the allegations in paragraph 70 of the Complaint.

## ANSWER TO SEVENTH CLAIM FOR RELIEF

71. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

72. Defendants Hersh and Lewis deny the allegations in paragraph 72 of the Complaint.

73. Defendants Hersh and Lewis deny the allegations in paragraph 73 of the Complaint.

## ANSWER TO EIGHTH CLAIM FOR RELIEF

74. Defendants Hersh and Lewis hereby incorporate, by reference, the preceding paragraphs of this answer as if rewritten here.

75. Defendants Hersh and Lewis deny the allegations in paragraph 75 of the Complaint.

76. Defendants Hersh and Lewis deny the allegations in paragraph 76 of the Complaint.

77. Defendants Hersh and Lewis deny the allegations in paragraph 77 of the Complaint.

## SECOND DEFENSE

78. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants Hersh and Lewis.

## THIRD DEFENSE

79. Defendants Hersh and Lewis are entitled to qualified immunity from liability pursuant to 42 U.S.C. §1983.

## FOURTH DEFENSE

80. On any state law claims asserted against them, Defendants Hersh and Lewis are entitled to immunity, pursuant to O.R.C. §2744.03(A)(6), which provides immunity to employees of political subdivisions who acted within the scope of their employment and who did not act with malicious purpose, in bad faith, or in a wanton or reckless manner.

## FIFTH DEFENSE

81. Defendants Hersh and Lewis hereby incorporate, by reference, the caps on damages, in O.R.C. §2744.05(C ) if and as they apply to Plaintiffs' claims.

**SIXTH DEFENSE**

82. The evidence may show that the Complaint fails to join real parties in interest, and/or necessary and indispensable parties, pursuant to Rules 17(A), 19 and/or 19.1 of the Ohio Rules of Civil Procedure.

**SEVENTH DEFENSE**

83. To the extent, if any, that the Plaintiffs have settled her claims, in part, against any other alleged tortfeasor, then there has been an accord and satisfaction, waiver, payment or a release of the Plaintiffs' claims, in whole or in part, thereby eliminating or reducing any alleged liability or damages attributable to Defendants Hersh and Lewis.

**EIGHTH DEFENSE**

84. Defendants Hersh and Lewis are entitled to a set-off of any monies paid to the Plaintiffs, by any other parties or insurers, as per O.R.C. §2307.28(A).

**NINTH DEFENSE**

85. Defendants Hersh and Lewis, hereby incorporate, by reference, all those affirmative defenses available to them, under Rule 8(C) of the Federal Rules of Civil Procedure, that may apply here, including, but not limited to, the defenses of accord and satisfaction, assumption of the risk, contributory negligence, estoppel, laches, payment, release, *res judicata*, waiver and statute of limitations.

**TENTH DEFENSE**

86. The Plaintiffs' alleged damages are the result of independent and/or intervening, superseding causes and or pre-existing conditions and/or the unforeseeable acts of other parties or other non-parties over whom Defendants Hersh and Lewis had no responsibility or control.

**ELEVENTH DEFENSE**

87. The answering Defendants hereby assert the limitations on joint and several tort liability, as detailed in O.R.C. §2307.22, if and as applicable, as additional defenses to the plaintiff's claims.

**TWELFTH DEFENSE**

88. Defendants Hersh and Lewis hereby assert the limitations on the right of contribution, if and as applicable, specified in O.R.C. §2307.25, or any other relevant portion of the Ohio Revised Code and/or Ohio common law, as additional defenses to the Plaintiffs' claims.

**THIRTEENTH DEFENSE**

89. Defendants Hersh and Lewis hereby incorporate, by reference, any and all liability defenses asserted by, and available to, other parties, to the extent they also apply to Defendants Hersh and Lewis, as if rewritten here, as additional defenses.

**FOURTEENTH DEFENSE**

90. If the evidence shows that the Plaintiffs' comparative negligence caused, or contributed to the cause of, the May 11, 2023 incident, then the Plaintiffs' damages, if liability and damages are proven, should be reduced by the percentage of negligence attributable to them, as per O.R.C. §2315.33, 2315.34 and 2315.35.

**FIFTEENTH DEFENSE**

91. Defendants Hersh and Lewis hereby request an apportionment of liability, amongst all parties to the case, and any relevant non-parties, for all of the alleged tortious conduct in question, as per O.R.C. §2307.23(C).

## SIXTEENTH DEFENSE

92. Defendants Hersh and Lewis hereby incorporate those defenses available to them under Rule 12(B) of the Federal Rules of Civil Procedure to the extent applicable here.

## SEVENTEENTH DEFENSE

93. Defendants Hersh and Lewis hereby reserve the right to introduce, as evidence, any collateral benefits paid to the Plaintiffs, as per O.R.C. §2315.20, or any other relevant portion of the Ohio Revised Code, the United States Code, and/or the common law. Furthermore, Defendants Hersh and Lewis reserve the right to introduce evidence that the Plaintiffs' medical providers accepted a negotiated reduction in, or "write off" of, the medical bills as per *Robinson v Bates*, 112 Ohio St. 3d 17 and *Jaques v Manton*, 125 Ohio St. 3d 342.

## EIGHTEENTH DEFENSE

94. To the extent, if any, that the Plaintiffs have already received payment for some of their alleged injuries or damages, then said amounts are a set-off from any damages, claimed in this lawsuit, as they cannot recover twice for the same damages and their damages must be reduced or set-off, in this case, as per O.R.C. §2307.28(A).

## NINETEENTH DEFENSE

95. Defendants Hersh and Lewis hereby incorporate, by reference, Ohio's caps on non-economic damages in O.R.C. §2315.18, if and as applicable here.

## TWENTIETH DEFENSE

96. Defendants Hersh and Lewis hereby by incorporate, by reference, each and every statutory and common law defense available to them, under Ohio's punitive damage statute, O.R.C. §2315.21, including any applicable "caps" on punitive damages, and the common law construing same.

## TWENTY-FIRST DEFENSE

97. Defendants Hersh and Lewis hereby demand that the Plaintiffs' claims for punitive damages be severed from the Plaintiffs' remaining claims, per O.R.C. §2315.21(B)(1)(a) and *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552.

## TWENTY-SECOND DEFENSE

98. Defendants Hersh and Lewis hereby reserve the right to assert such additional defenses as may become known in the course of discovery and/or during the investigation into the Plaintiffs' claims.

## JURY DEMAND ENDORSEMENT

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants Hersh and Lewis hereby request a trial by jury, composed of the maximum number of jurors allowable by law, on all of the issues set forth in the complaint and in the Defendant's answer and affirmative defenses.

Respectfully submitted,

*/s/ John G. Farnan*
**JOHN G. FARNAN (0038558)**
JFarnan@westonhurd.com
**PATRICK M. CANNELL (0097926)**
PCannell@westonhurd.com
WESTON HURD LLP
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114-1862
(T) 216.241.6602
(F) 216.621.8369
**Attorney for defendants Patrolman Colty Hersh and Patrolman Chris Lewis**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John G. Farnan
JOHN G. FARNAN