UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAUL ORTIZ, *et al.*, | ) | CASE NO.: 1:24CV802 |
| | ) | |
| Plaintiffs | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **REPORT OF PARTIES' PLANNING** |
| PATROLMAN PAIGE MITCHELL, *et al.*, | ) | **MEETING UNDER FED. R. CIV. 26(f)** |
| | ) | **AND L.R. 16.3(b)** |
| Defendants | ) | |

1. Pursuant to Fed. R. Civ. P. 26 (f) and L.R. 16.3(b), a meeting was held on July 10, 2024, and was attended by:

    Brett Murner - counsel for plaintiffs - Raul Ortiz and Debra Fusik

    John G. Farnan – counsel for defendants Patrolman Chris Lewis and Patrolman Coly Hersh

    John McLandrich – counsel for defendant Paige Mitchell

    Ashley Hetzel – counsel for defendant The City of Elyria

2. The Parties:

    _____ have exchanged the pre-discovery disclosures required by Rule 26 (a) (1)

    <u>X</u>     will exchange such disclosures by <u>July 26, 2024.</u>

    _____ have not been required to make initial disclosures.

3. The parties recommend the following track:

    _____ Expedited          <u>X</u>     Standard          _____ Complex

    _____ Administrative                _____ Mass Tort

4. This case is automatically designated as suitable for Electronic Case Filing (ECF). Is there any reason that the designation should change to "not suitable for ECF"?  **No.  This case is suitable for Electronic Case Filing.**

5. Choose one of the following:

    _____ This case **is** suitable **now** for **Mediation** or _____(insert an alternative ADR)**.**

    or,

    X\_\_\_\_\_ Case **is not** suitable for ADR at this time but may be after some discovery.

    or,

    _____ Case **is not** suitable for ADR at any time.

6. The parties **DO NOT** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S. C.§ 636 (c).

7. Federal jurisdiction is based upon 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2201.

8. Recommended Discovery Plan:

    a) Describe the claims & defenses on which discovery is to be sought and the nature and extent of discovery.

    The plaintiffs will seek discovery on their alleged civil rights violation claims, and of defendants' policies and procedures and on the City of Elyria's alleged failure to train its officers, excessive force issues, and the incident in which the plaintiffs claim an assault and battery, false arrest/imprisonment and intentional/negligent emotional distress. The defendants will seek discovery to support their claim of immunity and on plaintiffs' claims of liability and damages arising from the subject incident.

    b) Non-Expert discovery deadline: January 27, 2025

    c) If applicable, set forth the issues that will be addressed by experts and provide proposed deadlines:

    The plaintiffs reserve the right to retain a use of force expert and/or an expert on the defendants' policies and procedures on or before February 27, 2025. Defendants reserve the right to retain a use of force expert and a police procedure expert on or before April 14, 2025.

    Expert report for the party with the burden of proof deadline: February 27, 2025

    Rebuttal expert report deadline: <u>April 15, 2025</u>

    Expert Discovery cut-off deadline:  <u>June 16, 2025</u>

9. The pleadings shall be amended without leave of Court on or before: <u>September 3, 2024</u>

10. Recommended dispositive motion date: <u>July 16, 2025</u>

11. Recommended date for a Status Conference: <u>January 15, 2025</u> or Settlement Conference

12. Other matters for the attention of the Court:


/s/Brett Murner
Attorney for Plaintiffs Raul Ortiz and Debra Fusik

/s/John G. Farnan
Attorney for Defendants Colty Hersh and Chris Lewis

/s/John McLandrich
Attorney for Defendant Paige Mitchell

/s/Ashley Hetzel
Attorney for Defendant City of Elyria