# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Raul Ortiz, et al., | : | |
| | : | |
|    Plaintiffs, | : | Case No. 1:24-cv-00802 |
| | : | |
| v. | : | District Judge Patricia A. Gaughan |
| | : | |
| Patrolman Paige Mitchell, et al., | : | |
| | : | |
|    Defendants, | : | |
| | : | |

## *ANSWER OF DEFENDANT CITY OF ELYRIA TO PLAINTIFFS' COMPLAINT*

Defendant City of Elyria through counsel Freeman, Mathis & Gary, LLP, for their answer to Plaintiffs' Complaint hereby state as follows:

1. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and denies the same.

2. Defendant City of Elyria admits that this Court has jurisdiction over Plaintiffs' federal claims and has supplemental discretionary jurisdiction over Plaintiffs' state law claims.

3. Defendant City of Elyria admits the allegations set forth in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 4 of Plaintiffs' Complaint and denies the same.

5. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and denies the same.

6. Defendant City of Elyria admits that Defendant Mitchell is a police officer employed by Defendant City of Elyria which is a municipality and political subdivision of the state of Ohio. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant City of Elyria admits that Defendants Mitchell is a police officer employed by Defendant City of Elyria and was acting under color of state law at all times pertinent to Plaintiffs' Complaint. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant City of Elyria admits to the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant City of Elyria admits that Defendant Hersch is a police officer employed by Defendant City of Elyria which is a municipality and political subdivision of the state of Ohio. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant City of Elyria admits that Defendants Hersch is a police officer employed by Defendant City of Elyria and was acting under color of state law at all times pertinent to Plaintiffs' Complaint. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Defendant City of Elyria admits to the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

12. Defendant City of Elyria admits that Defendant Lewis is a police officer employed by Defendant City of Elyria which is a municipality and political subdivision of the state of Ohio.

Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant City of Elyria admits that Defendants Hersch is a police officer employed by Defendant City of Elyria and was acting under color of state law at all times pertinent to Plaintiffs' Complaint. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant City of Elyria admits the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant City of Elyria admits that the Elyria Police Department has established policies and procedures to be used by its officers, detectives, and other personnel. Further answering, Defendant City of Elyria denies the remaining allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant City of Elyria admits to the allegations set forth in Paragraph 16 of Plaintiffs' Complaint. Further answering, Defendant City of Elyria denies any and all allegations of wrongdoing or violations of law as such claims relate to Defendant City of Elyria.

17. Defendant City of Elyria admits that, on May 11, 2023, Plaintiff Raul Ortiz was arrested. Further answering, Defendant City of Elyria denies any and all allegations of wrongdoing or violations of law as such allegations relate to Defendant City of Elyria.

18. Defendant City of Elyria admits that, on May 11, 2023, Plaintiff Debra Fusik was arrested. Further answering, Defendant City of Elyria denies any and all allegations of wrongdoing or violations of law as such allegations relate to Defendant City of Elyria.

19. Defendant City of Elyria admits that police reports generated by Officers Mitchell, Hersch and Lewis speak for themselves. Further answering, Defendant City of Elyria denies the

remaining allegations set forth in Paragraph 19 of Plaintiffs' Complaint to the extent such allegations are inconsistent with any such reports.

20. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and denies the same.

21. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and denies the same.

22. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and denies the same.

23. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and denies the same.

24. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and denies the same.

25. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and denies the same.

26. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and denies the same.

27. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and denies the same.

28. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 28 of Plaintiffs' Complaint and denies the same.

29. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and denies the same.

30. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 30 of Plaintiffs' Complaint and denies the same.

31. Defendant City of Elyria admits that Plaintiff Fusik was present, at some point in time, at 123 Garvin Avenue, Elyria, Ohio on May 11, 2023. Further answering, Defendant City Elyria is without knowledge sufficient to form an opinion or belief as to the remaining allegations set forth in Paragraph 31 of Plaintiffs' Complaint and denies the same.

32. Defendant City of Elyria denies Plaintiffs' characterization of events and therefore denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant City of Elyria denies Plaintiffs' characterization of events and therefore denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and denies the same.

35. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and denies the same.

36. Defendant City of Elyria is without knowledge sufficient to form an opinion or belief as to the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and denies the same.

37. Answering Paragraph 37 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 36 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

38. Defendant City of Elyria denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant City of Elyria denies the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Defendant City of Elyria denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Defendant City of Elyria denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Defendant City of Elyria denies the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Answering Paragraph 43 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 42 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

44. Defendant City of Elyria denies the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Defendant City of Elyria denies the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46. Defendant City of Elyria denies the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47. Defendant City of Elyria denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Answering Paragraph 48 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in

Paragraphs 1 to 47 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

49. Defendant City of Elyria denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50. Defendant City of Elyria denies the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51. Defendant City of Elyria denies the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52. Defendant City of Elyria denies the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53. Defendant City of Elyria denies the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

54. Defendant City of Elyria denies the allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

55. Answering Paragraph 55 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 54 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

56. Defendant City of Elyria denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57. Defendant City of Elyria denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant City of Elyria denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59. Defendant City of Elyria denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

60. Answering Paragraph 60 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 59 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

61. Defendant City of Elyria denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62. Defendant City of Elyria denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63. Defendant City of Elyria denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant City of Elyria denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65. Defendant City of Elyria denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66. Answering Paragraph 66 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 65 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

67. Defendant City of Elyria denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68. Defendant City of Elyria denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69. Defendant City of Elyria denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70. Defendant City of Elyria denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71. Answering Paragraph 71 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 70 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

72. Defendant City of Elyria denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73. Defendant City of Elyria denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74. Answering Paragraph 74 of Plaintiffs' Complaint, Defendant City of Elyria incorporates by reference each and every admission, denial and affirmative defense as set forth in Paragraphs 1 to 73 of Defendant City of Elyria's Answer to Plaintiffs' Complaint as if fully rewritten herein.

75. Defendant City of Elyria denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76. Defendant City of Elyria denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

77. Defendant City of Elyria denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78. Defendant City of Elyria denies each and every allegation set forth in Plaintiffs' Complaint not specifically admitted to herein as true.

## AFFIRMATIVE DEFENSES

79. Plaintiffs' claims against Defendant City of Elyria fail to state a claim upon which relief can be granted.

80. Plaintiffs' claims are or may be barred by the applicable statute of limitations.

81. Plaintiffs are precluded from pursuing their claims by virtue of the qualified and/or absolute immunity granted to Defendants by law.

82. Defendant City of Elyria is entitled to immunity from all of Plaintiffs' claims pursuant to the provisions of O.R.C. 2744.01 et seq.

83. At all times material hereto, Defendant City of Elyria acted in good faith.

84. At all times material hereto, Defendant City of Elyria was under a duty to act.

85. At all times material hereto, Defendant City of Elyria was privileged to act.

86. If Plaintiffs were injured or damaged, any and all such injuries or damages were a proximate result of the acts and/or omissions of persons and/or entities not under the control of Defendant, including Plaintiffs' own actions.

87. Plaintiffs have failed to mitigate their damages.

88. If, in fact, Defendant performed any wrongful acts, which are specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

89. Defendant City of Elyria reserves the right to add additional defenses as discovery proceeds.

**WHEREFORE**, having fully answered, Defendant City of Elyria prays that Plaintiffs' Complaint be dismissed, and that they go hence without cost or delay.

## JURY DEMAND

Defendant City of Elyria demands a trial by Jury on all issues so triable.

Respectfully submitted,

FREEMAN, MATHIS & GARY LLP

/s/ Paul-Michael La Fayette

**Paul-Michael La Fayette (0060731)**
**Ashley Hetzel (0092213)**
65 East State Street, Suite 2550
Columbus, OH 43215
T: 614-683-8471 | F: 888-356-3590
Paul.LaFayette@fmglaw.com
Ashley.Hetzel@fmglaw.com
*Counsel for Defendant City of Elyria*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, a copy of the foregoing *Answer of Defendant City of Elyria to Plaintiffs' Complaint* was filed electronically and served via email upon the following:

| | |
|---|---|
| John T. McLandrich<br>Zachary W. Anderson<br>Mazanec, Raskin & Ryder Co. LPA<br>100 Franklin's Row, 34305 Solon Road<br>Cleveland, OH 44139<br>jmclandrich@mrrlaw.com<br>zanderson@mrrlaw.com<br>*Counsel for Defendant Patrolman Paige Mitchell* | John G. Farnan<br>Patrick M. Cannell<br>Weston Hurd LLP<br>1300 East 9th Street, Suite 1400<br>Cleveland, OH 44114<br>jfarnan@westonhurd.com<br>pcannell@westonhurd.com<br>*Counsel for Defendants Patrolman Colty Hersh and Patrolman Chris Lewis* |

Brett F. Murner
Murner Law
116 West Herrick Avenue
Wellington, OH 44090
brett@murnerlaw.com
*Counsel for Plaintiffs*

/s/ Paul-Michael La Fayette
**Paul-Michael La Fayette**
*Counsel for Defendant City of Elyria*

*Page 12 of 12*